IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH DALE BRUCE, § | |
| § | |
| Movant, § | |
| § | No. 3:18-cv-00843-D (BT) |
| v. § | No. 3:14-cr-00442-D-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Kenneth Dale Bruce, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Bruce's § 2255 motion.

I.

On May 15, 2015, Bruce pleaded guilty to two felony offenses charged in an indictment: bank robbery in violation of 18 U.S.C. § 2113(a) (count two) and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count three). Six months later, the District Court sentenced Bruce to an aggregate term of 176 months' imprisonment. He appealed to the Fifth Circuit Court of Appeals, and the Fifth Circuit affirmed this Court's judgment. *See*

*United States v. Bruce*, 668 F. App'x 580, 581 (5th Cir. 2016) (per curiam). Bruce then filed a petition for writ of certiorari, which was denied on April 17, 2017. *Bruce v. United States*, 137 S. Ct. 1580 (2017).

On April 5, 2018, this Court received Bruce's § 2255 motion (ECF No. 2), in which he argues: (1) considering the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1207 (2018), *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Curtis Johnson v. United States*, 130 S. Ct. 1265 (2010), federal bank robbery is no longer a crime of violence under 18 U.S.C. § 924(c)(3) and, therefore, his § 924(c) conviction violates due process; and (2) federal bank robbery is not a crime of violence under 924(c)'s elements clause, and the Fifth Circuit's decisions to the contrary are inconsistent with the Supreme Court's decisions in *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004); and *Curtis Johnson*, 130 S. Ct. at 1265.

In its initial response, the Government argued that Bruce's claims were precluded by his direct appeal and meritless. (CV ECF No. 8.)[1] Bruce filed a reply and a supplemental reply. (CV ECF Nos. 9, 10.) On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of § 924(c)(3) is unconstitutionally vague. *Id.* at 2336. Thereafter, on January 14, 2021, the Court directed the Government to file a

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to Bruce's criminal action, case number 3:14-cr-442-D-1, "CV ECF" refers to his civil action, case number 3:18-cv-843-D-BT, and "App. ECF" refers to his direct appeal to the Fifth Circuit, *United States v. Bruce*, case number 15-11186.

2

supplemental response to Bruce's § 2255 motion. (CV ECF No. 16.) On February 24, 2021, the Government filed its supplemental response (CV ECF No. 20), again arguing that Bruce's claims are precluded by his direct appeal and meritless. Bruce did not file a reply, but on March 9, 2021, the Court received his motion to stay the case pending the Fifth Circuit's final decision in *United States v. Smith*, 957 F.3d 590 (5th Cir. 2020). Because, at that time the *Smith* decision was final, the Court denied his motion. (CV ECF No. 22.) Bruce's § 2255 motion is fully briefed and ripe for determination.

II.

1. **The Fifth Circuit's consideration of Bruce's claims in the context of his direct appeal precludes relitigation of the same issue in this collateral proceeding.**

Bruce raises the same issues in his § 2255 motion that he raised on direct appeal. Admittedly, however, the claims Bruce raised on direct appeal were not supported by *Davis*, which was not decided until June 24, 2019, more than two years after his direct appeal concluded.

Generally, a § 2255 movant cannot relitigate issues the parties raised, and the court decided, on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *see also Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979). Indeed, courts generally do not consider issues that were raised and addressed on appeal in a subsequent § 2255 motion. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in §

3

2255 Motions.") (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). A collateral attack does not take the place of an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). If a § 2255 movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them in a collateral proceeding unless he demonstrates cause for his procedural default and actual prejudice resulting from the error, or shows that an alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

On direct appeal before the Fifth Circuit, Bruce argued that the trial court erred by accepting his guilty plea to the § 924(c) charge because bank robbery did not have as an element the use, attempted use, or threatened use of force, and therefore, it could only be a § 924(c) crime of violence under the residual clause, which, he argued, was unconstitutionally vague based on the reasoning of *Samuel Johnson*, 135 S. Ct. at 2551. (App. ECF App. Br. at 12, 19-44.) The Fifth Circuit rejected that argument and affirmed this Court's judgment, relying on *Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam), which held that bank robbery is a crime of violence under the elements clause of § 924(c)(3). *Bruce*, 668 F. App'x at 581. The Fifth Circuit's consideration of Bruce's § 924(c) claim prevents relitigation of the same issue now on collateral attack. *See Rocha*, 109 F.3d at 229. Bruce's two § 2255 claims are thus foreclosed by his direct appeal.

### 2. The Supreme Court's *Davis* decision has no impact on Bruce's conviction.

On June 24, 2019, in *Davis*, the Supreme Court held that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. However, on April 30, 2020, the Fifth Circuit held that aggravated robbery is a crime of violence under § 924(c)(3)'s elements clause. *See Smith*, 957 F.3d at 594 (holding that aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)); *United States v. Reece*, 938 F.3d 630, 637 (5th Cir. 2019) ("Federal bank robbery constitutes a [crime of violence]" under § 924(c)(3)(A) "'because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.'") (quoting *United States v. Cadena*, 728 F. App'x 381, 382 (5th Cir. 2018) (per curiam)).

As with the defendant in *Smith*, Bruce's § 924(c) conviction is also predicated on a conviction for aggravated bank robbery under § 2113(a) and (d). (CR ECF Nos. 20, 40.) In *Smith*, the Fifth Circuit held that aggravated bank robbery is a crime of violence under § 924(c)(3)'s elements clause, not the residual clause, so *Davis* has no impact on Bruce's § 924(c) conviction. *See Smith*, 957 F.3d at 596. Accordingly, Bruce was properly convicted of § 924(c), and his § 2255 motion attacking that conviction should be denied. *See United States v. Taylor*, ___ F. App'x ___, 2021 WL 415725, at *4 (5th Cir. Feb. 5, 2021) (noting that the appellant's argument that bank robbery under § 2113(a) is not a crime of violence under § 924(c)(3) was foreclosed by the Court's holding in *Smith*, 957 F.3d at 593-

94); *see also Cadena v. United States*, 2020 WL 4808919, at *1 (N.D. Tex. June 23, 2020) (citing *Smith*, 957 F.3d at 593-94 and recommending summary dismissal of the movant's § 2255 claim that his bank robbery conviction did not qualify as a crime of violence under § 924(c)), *rec. adopted* 2020 WL 4784592 (Aug. 17, 2020).

## III.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed April 6, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).